

March 4, 2015

The Honorable Jack Roady
Galveston County Criminal District Attorney
600 Fifty Ninth Street, Suite 1001
Galveston, Texas 77551-4137

Opinion No. KP-0006

Re: Appointment of an ex officio member to
the Galveston Housing Authority
(RQ-1218-GA)

Dear Mr. Roady:

You ask several questions about a municipality's authority to appoint an ex officio member to the Board of Commissioners of the Galveston Housing Authority ("GHA").[1]  A municipal housing authority ("MHA") is created under chapter 392 of the Local Government Code and initiated by a resolution of the municipal governing body declaring the need for a housing authority.  TEX. LOC. GOV'T CODE ANN. § 392.011(a), (c) (West 2005).  The City of Galveston (the "City") initiated GHA by resolution in 1940.  GHA Brief at 1.  The City informs us that it has been appointing an "ex officio" member to the GHA since 1961.[2]  You ask first whether the City can legally appoint a city council member as an ex officio member of the GHA board.  Request Letter at 1.

Unlike a department created by municipal law, an MHA created under chapter 392 is a distinct "unit of government" for all purposes and "a public body corporate and politic."  TEX. LOC. GOV'T CODE ANN. §§ 392.006, .011(b) (West 2005 & Supp. 2014).  The powers of an MHA are vested in its commissioners.  Id. § 392.051(b) (West 2005).  An MHA is "governed by five, seven, nine, or 11 commissioners," who are appointed by the presiding officer of the governing body of the municipality.  Id. § 392.031(a).

---

[1]See Letter from Honorable Jack Roady, Galveston Cnty. Crim. Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Sept. 5, 2014) and attached Brief of the Galveston Hous. Auth., https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter" and "GHA Brief," respectively).

[2]See Brief from Dorothy Palumbo, Galveston City Att'y at 1 (Sept. 19, 2014) ("City Brief") (on file with Op. Comm.).  "Ex officio" means "by virtue or because of an office."  Merriam-Webster's Collegiate Dictionary 438 (11th ed. 2005); Grant v. United Gas Pipe Line Co., 457 S.W.2d 315, 320 (Tex. Civ. App.—Corpus Christi 1970, writ ref'd n.r.e.); accord Nichols v. Galveston Cnty., 235 S.W. 1116, 1117 (Tex. Civ. App.—Galveston 1915, writ dism'd w.o.j.).

Section 392.031 states that a commissioner of an MHA "may not be an officer or employee of the municipality." *Id.* § 392.031(a)–(b). A city council member is an officer of the municipality. *See Tilley v. Rogers*, 405 S.W.2d 220, 224 (Tex. Civ. App.—Beaumont 1966, writ ref'd n.r.e.) (stating that "the office of City Councilman is a civil office of emolument"). Therefore, section 392.031 prohibits a mayor or city council from appointing one of the council members as a commissioner of an MHA board.

The City states that it did not designate a city council member as an MHA commissioner, but, rather, as "a nonvoting, *ex-officio* to the GHA to represent [its] interests." City Brief at 4. A home-rule municipality is authorized to create municipal offices. Tex. Loc. Gov't Code Ann. § 26.041(1) (West 2008). Thus, a municipality has the authority to create the position of municipal representative or liaison to an MHA and may assign the duties of the position to a member of the municipal city council. But the position must be municipal only. The Legislature has established the composition of an MHA board of commissioners and prohibited municipalities from appointing city council members to the MHA board, even in a nonvoting capacity. *See id.* § 392.031(a)–(b) (West 2005); *see* Tex. Const. art. XI, § 5 (prohibiting a home-rule municipality from adopting a charter or ordinance "inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State"). Therefore, section 392.031 of the Local Government Code prohibits a mayor or city council from appointing one of its council members as an ex officio commissioner of an MHA.

Your second question is "[w]hether the ex officio member may legally attend executive sessions of GHA." Request Letter at 1. The Texas Open Meetings Act (the "Act") permits a governmental body to meet in executive session pursuant to narrowly drawn exceptions to the requirement that its meetings "be open to the public." Tex. Gov't Code Ann. §§ 551.002, .071– .090 (West 2012 & Supp. 2014). From an examination of the Act, this office has determined that only members of the governmental body are entitled to attend its executive sessions as a matter of right. Tex. Att'y Gen. Op. No. GA-0277 (2004) at 2–3. The Act gives a governmental body limited "discretion with regard to who may attend its executive sessions." Tex. Att'y Gen. Op. No. JC-0375 (2001) at 2. "In general, . . . a governmental body may include a person . . . 'whose participation is necessary to the matter under consideration'" provided the person's presence is not "contrary to the legal basis for the executive session." Tex. Att'y Gen. Op. No. JC-0506 (2002) at 2, 4; *see generally* Tex. Att'y Gen. Op. No. GA-0511 (2007) at 4–6 (discussing requirement that a nonmember's presence in an executive session must be authorized under the Open Meetings Act or other law). Consequently, a representative of a municipality may attend an executive session of the board of commissioners of an MHA only if the board consents, the board determines that the representative's participation is necessary to the matter to be discussed, and the representative's attendance is not contrary to the legal basis of the executive session.

Finally, you ask whether federal regulations preclude a city council member from serving on an MHA board under particular circumstances. *See* Request Letter at 1. Because section 392.031 of the Local Government Code prohibits a mayor or city council from appointing one of its members as a commissioner of an MHA board, we do not address your final question.

## S U M M A R Y

Section 392.031 of the Local Government Code prohibits a mayor or city council from appointing one of its members as an ex officio commissioner of a municipal housing authority.

A representative of a municipality may attend an executive session of the board of commissioners of a municipal housing authority only if the board consents and the board has determined that the representative's participation is necessary to the matter to be discussed and the representative's attendance is not contrary to the legal basis of the executive session.

Very truly yours,

KEN PAXTON
Attorney General of Texas


CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee